EMILY HARRISON *vs.* NOBLE P. SWIFT.

In an action brought by a woman for breach of promise of marriage, no special damages were alleged in the declaration, but the judge instructed the jury that, in estimating the damages, they might take into view the money value or worldly advantages, separate from considerations of sentiment and affection, of a marriage which would have given her a permanent home and an advantageous establishment; and that, if her affections were in fact implicated, and she had become attached to the defendant, the injury to her affections was to be considered as an additional element of damages; and that they might take into consideration generally whatever mortification and pain of mind she suffered resulting from a refusal by the defendant to fulfil his promise. *Held*, after verdict for the plaintiff, that the defendant had no ground of exception.

CONTRACT to recover damages for a breach of promise of marriage.   The declaration alleged no special damages.

At the trial in the superior court, before *Ames*, J., the jury were instructed, upon the question of damages, as follows

" That if the jury found that the defendant had broken his con-tract, and not acted in good faith towards the plaintiff, she was entitled to receive damages, to be computed on the principle of indemnity and reasonable compensation, and not in any event as vindictive damages; that, in the position of the evidence, and as one element of damages, in that event, they would have a right to consider the disappointment of her reasonable expecta-tions, and to inquire what she had lost by such disappointment, and for that purpose to consider, among other things, what would be the money value or worldly advantages (separate from considerations of sentiment and affection) of a marriage which would have given her a permanent home and an advantageous establishment; that they were also to satisfy themselves whether her affections were in fact implicated, and whether she had be-come attached to the defendant, and, if such were the fact, the wound and injury to her affections were to be considered as another and additional element in the computation of her dam-ages; and also that they would have a right to take into consid-eration generally, in computing her damages, whatever mortifi-cation and pain or distress of mind she suffered, resulting from a refusal by the defendant to fulfil his promise.

The jury found for the plaintiff, with $1500 damages, and the defendant alleged exceptions.

*J. M. Day,* for the defendant. No special damages were re-coverable, excepting those resulting naturally and necessarily from the breach of the contract. *Dickinson* v. *Boyle,* 17 Pick. 78. The loss of a permanent home was not such natural and necessary result. In an action of this nature, love and affection are essential to each element of damage, except those involving personal feeling, and those capable of being definitively meas ured by a pecuniary standard. And the jury should have been instructed to consider the question of damages in connection with the existence of feelings of affection on the part of the plaintiff.

*G. A. King,* for the plaintiff, cited *James* v. *Biddington,* 6 C & P. 589; *Berry* v. *Da Costa,* 1 Law Rep. (C. P.) 331; *Smith* v *Woodfine,* 1 C. B. (N. S.) 660; *Stebbins* v. *Palmer,* 1 Pick. 71.

By THE COURT. The rule of damages was stated with fulness and accuracy, and the elements upon which they were to be based were correctly enumerated. *Exceptions overruled.*